UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:24-CV-21101-XXXX

ENRIQUE ALVEAR,

    Plaintiff,

vs.

MAJOR FOOD GROUP LLC,
d/b/a CARBONE, a foreign limited liability

    Defendants.
_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW Defendant, MAJOR FOOD GROUP LLC, a foreign limited liability, by and through its undersigned attorneys, and hereby files its Answer and Affirmative Defenses to Plaintiff, ENRIQUE ALVEAR'S Complaint, and in support thereof states as follows:

**COMPLAINT**

1. Defendant admits this is an action for injunctive relief, a declaration of rights, compensatory damages but denies Plaintiff's entitlement to the same.

2. Admit that the Court is vested with original jurisdiction. All other averments are denied.

3. Admit that venue is proper. All other averments are denied.

4. Without knowledge, therefore denied.

5. Without knowledge, therefore denied.

6. Without knowledge, therefore denied.

7. Admit that Defendant is a foreign limited liability company authorized to do business and doing business in the State of Florida. All other averments are denied.

8. Without knowledge, therefore denied.

9. Without knowledge, therefore denied.

10. Denied.

11. The allegations contained in paragraph 11 of the Plaintiff's Complaint contain legal conclusions, therefore they are denied.

12. Denied as phrased.

13. Denied as phrased.

14. Denied.

15. Denied.

16. Denied.

17. Without knowledge, therefore denied.

18. Without knowledge, therefore denied.

19. Without knowledge, therefore denied.

20. Without knowledge, therefore denied.

21. Denied.

    a. Denied.

    b. Denied.

    c. Denied.

    d. Denied.

    e. Denied.

    f. Denied.

    g. Denied.

    h. Denied.

22. Without knowledge, therefore denied.

23. Without knowledge, therefore denied.

24. Without knowledge, therefore denied.

25. The allegations contained in paragraph 25 of the Plaintiff's Complaint contain legal conclusions, therefore they are denied.

26. "Web Accessibility Policy" is vague and undefined.  Since the allegations in paragraph 26 are vague and undefined, Defendant denies the allegations in paragraph 26.

27. "Web Accessibility Committee" is vague and undefined.  Since the allegations in paragraph 27 are vague and undefined, Defendant denies the allegations in paragraph 27.

28. "Web Accessibility Coordinator" is vague and undefined.  Since the allegations in paragraph 28 are vague and undefined, Defendant denies the allegations in paragraph 28.

29. "Web Accessibility User Accessibility Testing Group" is vague and undefined. Since the allegations in paragraph 29 are vague and undefined, Defendant denies the allegations in paragraph 29.

30. "User Accessibility Testing Group" is vague and undefined. Since the allegations in paragraph 30 are vague and undefined, Defendant denies the allegations in paragraph 30.

31. "Bug Fix Priority Policy" is vague and undefined. Since the allegations in paragraph 31 are vague and undefined, Defendant denies the allegations in paragraph 31.

32. Automated Web Accessibility Testing" is vague and undefined. Since the allegations in paragraph 32 are vague and undefined, Defendant denies the allegations in paragraph 32.

33. "Specialized Customer Assistance" is vague and undefined. Since the allegations in paragraph 33 are vague and undefined, Defendant denies the allegations in paragraph 33.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. The allegations contained in paragraph 38 of the Plaintiff's Complaint contain legal conclusions, therefore they are denied.

39. The allegations contained in paragraph 39 of the Plaintiff's Complaint contain legal conclusions, therefore they are denied.

40. Denied.

41. Denied.

42. Denied.

43. The allegations contained in paragraph 43 of the Plaintiff's Complaint contain legal conclusions, therefore they are denied.

44. The allegations contained in paragraph 44 of the Plaintiff's Complaint contain legal conclusions, therefore they are denied.

45. The allegations contained in paragraph 45 of the Plaintiff's Complaint contain legal conclusions, therefore they are denied.

46. Without knowledge, therefore denied.

## Trespass Violations

47. Without knowledge, therefore denied.

48. Without knowledge, therefore denied.

49. Denied.

50. Denied.

51. Denied.

## COUNT I – VIOLATION OF THE ADA

52. Defendant re-alleges and incorporates its responses to paragraphs 1 through 51 as if fully set forth herein.

53. The allegations contained in paragraph 53 of the Plaintiff's Complaint contain legal conclusions, therefore they are denied.

54. The allegations contained in paragraph 54 of the Plaintiff's Complaint contain legal conclusions, therefore they are denied.

55. The allegations contained in paragraph 55 of the Plaintiff's Complaint contain legal conclusions, therefore they are denied.

56. The allegations contained in paragraph 56 of the Plaintiff's Complaint contain legal conclusions, therefore they are denied.

57. The allegations contained in paragraph 57 of the Plaintiff's Complaint contain legal conclusions, therefore they are denied.

58. Denied.

59. Denied.

60. Without knowledge, therefore denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. The allegations contained in paragraph 65 of the Plaintiff's Complaint contain legal conclusions, therefore they are denied.

66. The allegations contained in paragraph 66 of the Plaintiff's Complaint contain legal conclusions, therefore they are denied.

67. The allegations contained in paragraph 67 of the Plaintiff's Complaint contain legal conclusions, therefore they are denied.

68. The allegations contained in paragraph 68 of the Plaintiff's Complaint contain legal conclusions, therefore they are denied.

69. The allegations contained in paragraph 69 of the Plaintiff's Complaint contain legal conclusions, therefore they are denied.

70. Denied.

71. Denied.

72. Denied.

    a. Denied.

    b. Denied.

    c. Denied.

73. Denied.

    A. Denied.

    B. Denied.

    C. Denied.

    D. Denied.

    E. Denied.

    F. Denied.

    G. Denied.

    H. Denied.

    I. Denied

    J. Denied.

    K. Denied.

    L. Denied.

## COUNT II – TRESPASS

74. Defendant re-alleges and incorporates its responses to paragraphs 1 through 51 as if fully set forth herein.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

    a. Denied.

    b. Denied.

    c. Denied.

    d. Denied.

    e. Denied.

82. Denied.

## AFFIRMATIVE DEFENSES

1. The Complaint, and each and every claim therein, fails to state a claim for which relief can be granted and should, therefore, be dismissed.

2. The purported barriers provide effective access to Plaintiff. Even if the features alleged in the Complaint did not comply with access standards, the features nonetheless provided effective access to Plaintiff because any alleged noncompliance was de minimis, the features were usable and accessible despite their alleged noncompliance, and/or Plaintiff was able to use and access the features.

3. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the removal of the alleged barriers identified in the Complaint was not readily achievable or easily accomplishable and/or able to be accomplishable.

4. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant accommodated or was ready and willing to accommodate Plaintiff's alleged disabilities by providing access via "alternative methods" other than the removal of alleged barriers (42 U.S.C. §12182), including through telephone or at its physical location.

5. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because full compliance with the alleged standards for the alleged barriers identified in the Complaint would be technically infeasible.

6. To the extent any claim is moot or not ripe for adjudication, that claim should be dismissed.

7. Plaintiff has not incurred any actual damages or injury.

8. Plaintiff's claims for injunctive and other equitable relief are barred because he will not suffer any irreparable injury if injunctive or other equitable relief is denied and/or because he has an adequate and complete remedy at law.

9. Plaintiff's claim for injunctive and other equitable relief is not ripe as the Department of Justice has been tasked with promulgating regulations for companies to follow to have their websites accessible to blind individuals and those regulations have not been set forth and the Department of Justice has put those regulations on an inactive list.

10. The Defendant affirmatively states that the requests demanded by the Plaintiff are either not readily achievable, not reasonable, not required, and/or not technically feasible.

11. The Defendant affirmatively states that at all times material hereto it has made a good faith effort to comply with the requirements of the American with Disabilities Act and the Defendant has reasonable grounds to believe its actions and/or inactions are in compliance with all applicable statutes.

12. The Defendant specifically reserves the right to amend the Affirmative Defenses pled above and to assert additional Affirmative Defenses that become known to it during the course of discovery.

WHEREFORE, the Defendant, MAJOR FOOD GROUP LLC, a foreign limited liability, requests all relief to which it is entitled, including attorneys' fees and costs pursuant to 42 U.S.C. § 12205, and any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant, MAJOR FOOD GROUP LLC, a foreign limited liability, by and through undersigned counsel and pursuant to Fed. R. Civ. P. 38(b), hereby demand trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Answer and Affirmative Defenses was served by this court's CM/ECF System, on April 16, 2024, on all counsel or parties of record on the service list.

Cole, Scott & Kissane, P.A.
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Counsel for the Defendant

*/s/ Justin C. Sorel*
Justin C. Sorel, Esquire
FBN: 0016256
